## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Regina M. Rodriguez

Civil Action No. 1:21-cv-01263-RMR

DAVID PEREZ,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,

      Defendant.

---

## ORDER

---

Pending before the Court is Defendants' Motion for Dismissal of Plaintiff's Second Amended Complaint, ECF No. 18.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion.

### I.      BACKGROUND[1]

Plaintiff David Perez, a veteran of the United States Marine Corps, was a firefighter with the Denver Fire Department ("DFD") for 14 years.  On March 13, 2019, he sustained a debilitating Line of Duty ("LOD") injury to his right hand (his dominant hand) while fighting a house fire.  After various consultations with medical doctors, Plaintiff received work restrictions as a result of his injury.  Between March 19, 2019 and November 13,

---

[1] The Court relies on the facts alleged in the Second Amended Complaint and, as required on a motion to dismiss, "take[s] all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2019, Plaintiff alleges that he received various modified duty positions but that these positions either did not comply with his work restrictions or exacerbated his injury, causing pain and discomfort and causing him to permanently lose a significant amount of the use of his dominant hand; that he was passed over for other, more appropriate positions within the DFD for which he was highly qualified and possessed the adequate seniority.  Plaintiff also alleges that he filed a complaint through the Colorado Civil Rights Division ("CCRD") on October 21, 2019, for which he alleges he was retaliated against and that he was denied the use of Leave Without Pay to attend a medical appointment because he had exhausted all of his sick leave to be treated for his LOD injury.  On December 6, 2019, DFD placed Plaintiff on Leave Without Pay, and he remained on Leave Without Pay until he was constructively discharged at midnight on March 3, 2020.

On May 7, 2021, Plaintiff, proceeding *pro se*, filed a Complaint in this Court against DFD and the City and County of Denver, alleging discrimination and harassment, retaliation, and failure to accommodate, in violation of Title VII of the Civil Rights Act of 1962 ("Title VII"), the Colorado Anti-Discrimination Act ("CADA"), and the Americans with Disabilities Act ("ADA").  ECF No. 1.  On June 8, 2021, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to cure deficiencies in the Complaint, ECF No. 3, and Plaintiff filed an Amended Complaint on June 8, 2021, ECF No. 4.  On June 10, 2021, Magistrate Judge Gallagher filed a Second Order Directing Plaintiff to Cure Deficiencies, ECF No. 5. On July 21, 2021, counsel entered an appearance on behalf of Plaintiff, and on July 23, 2021, Plaintiff's counsel filed a Notice of Filing Amended Pleading, ECF No. 12, and a Second Amended Complaint, ECF No. 12-2, which is now the operative pleading.  The

Second Amended Complaint brings six claims against the Denver Fire Department and the City and County of Denver:

1. Discrimination in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, ECF No. 12-2 ¶¶ 78–91;

2. Discrimination in Violation of CADA, Colo. Rev. Stat. § 24-34-402, *et seq.*, *id.* ¶¶ 92–99;

3. Violation of the ADA 42 U.S.C. § 12101 *et seq.*, *id.* ¶¶ 100–10;

4. Retaliation in Violation of the ADA, 42 U.S.C. § 12203(a), *id.* ¶¶ 111–25;

5. Disability Discrimination in Violation of CADA, Colo. Rev. Stat. § 24-34-402 *et seq.*, *id.* ¶¶ 126–39; and

6. Disability Retaliation in Violation of CADA, Colo. Rev. Stat. § 24-34-402 *et seq.*, *id.* ¶¶ 140–54.

On September 7, 2021, Defendant filed its Motion to Dismiss, ECF No. 18, which is fully briefed and ripe for review.  On September 15, 2021, Plaintiff filed a Stipulated Motion to Dismiss Denver Fire Department as Defendant, ECF No. 19, and thereby now only brings the claims against Defendant City and County of Denver.

## II.  LEGAL STANDARD

### A.  Subject Matter Jurisdiction

A defendant may move to dismiss a complaint for "lack of subject matter jurisdiction" under Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  "The party invoking a federal court's jurisdiction bears the burden of establishing subject-matter jurisdiction," *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019)

(citing *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)), and "there is a presumption against federal jurisdiction," *Neiberger v. Hawkins*, 150 F. Supp. 2d 1118, 1120 (D. Colo. 2001) (Babcock, J.). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero*, 945 F.3d at 1273.

"Challenges to jurisdiction under Fed. R. Civ. P. 12(b)(1) generally take two forms: facial attacks on the sufficiency of jurisdictional allegations and factual attacks on the accuracy of those allegations." *Neiberger*, 150 F. Supp. 2d at 1120 (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995), *abrogated on other grounds*, *Ratheal v. United States*, No. 20-4009, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021)). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997) (citing *Holt*, 46 F.3d at 1003). On the other hand, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt*, 46 F.3d at 1002. "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.*

**B.     Failure To State a Claim**

A defendant also may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* "Although for the purposes of a motion to dismiss, [courts] must take all of the factual allegations in the complaint as true," *id.*, "[c]ourts are permitted to review 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the document's authenticity.'" *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)).

**III.     JURISDICTION AND APPLICABLE LAW**

This action involves alleged violations of Title VII and the ADA.  ECF No. 12-2 ¶¶ 78–91, 100–25.  Therefore, the Court may exercise federal question jurisdiction over Plaintiff's claims arising under these federal statutes.  *See id.* ¶¶ 13–14; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."); *see also id.* § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . .  [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.").

Plaintiff also alleges violations of CADA.  ECF No. 12-2 ¶¶ 92–99, 126–54. Defendant raises issues regarding the Court's subject matter jurisdiction over these claims based on Plaintiff's failure to exhaust administrative remedies, as discussed below. In the absence of any such disputes regarding subject matter jurisdiction, a federal district court may normally exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In addition, pursuant to 28 U.S.C. § 1343(a)(3), "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . .  [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."  *See also* ECF No. 12-2 ¶¶ 13–14.  When exercising supplemental jurisdiction over the state law claims arising under CADA, the Court applies the substantive law of the state in resolving Defendant's disputes regarding the Court's subject matter jurisdiction over these claims. *See, e.g.*, *Felder v. Casey*, 487 U.S. 131, 151 (1988) ("Under [*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)], when a federal court exercises diversity or pendent jurisdiction over

state-law claims, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.") (internal quotations and citation omitted); *Lasser v. Charter Commc'ns, Inc.*, No. 19-cv-02045, 2021 WL 2309506, at *3 (D. Colo. Feb. 10, 2020) ("Case law provides that a state law's requirement as to the exhaustion of administrative remedies is substantive law."). These disputes are further discussed below.

## IV.   ANALYSIS

### A.   Whether the Court Has Jurisdiction Over the CADA Claims

Defendant argues that the Court lacks subject matter jurisdiction over Claims II, V, and VI for discrimination, disability discrimination, and disability retaliation in violation of CADA (the "CADA claims") because, while Plaintiff alleges that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of the Right to Sue letter, Plaintiff does not contend in his Complaint that he received a notice of right to sue letter from the CCRD. ECF No. 18 at 5–6. Therefore, according to Defendant, Plaintiff failed to exhaust his administrative remedies as to his CADA claims, and the Court lacks subject matter jurisdiction over those claims. *Id.* (citing *Brooks v. Denver Pub. Schs.*, No. 17-cv-01968-REB-MEH, 2017 WL 5495793, at *7, *12 n.9 (D. Colo. Nov. 16, 2017) (Hegarty, Mag. J.); *Jackson v. City & Cnty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556, at *2 n.1 (D. Colo. Sept. 24, 2012) (Brimmer, J.)).

In his Response brief, Plaintiff states that he did, in fact, receive a notice of right-to-sue letter from the CCRD. *See* ECF No. 25 at 8, 11. However, he alleges this nowhere

in the Second Amended Complaint.  The Second Amended Complaint only states that

Plaintiff "served a complaint to DFD filed through the Colorado Civil Rights Division on 21

October 2019" but not that he received a notice of right to sue letter from the CCRD.  ECF

No. 12-2 ¶ 49.  Plaintiff only alleges that "administrative prerequisites have been met"

because he received a notice of right to sue letter from the EEOC on May 4, 2021, after

filing a charge of discrimination with the EEOC.  *Id.* ¶ 9.  As Defendant points out,

"plaintiffs may not effectively amend their Complaint by alleging new facts in their

response to a motion to dismiss."  *In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178,

1203 (D. Colo. 2004) (Blackburn, J.); ECF No. 29 at 3.

Unlike failure to exhaust administrative remedies under Title VII or the ADA, failure

to exhaust administrative remedies under CADA deprives the court of subject matter

jurisdiction.  *See, e.g.*, *Barrington v. United Airlines, Inc.*, 566 F. Supp. 3d 1102, 1111 (D.

Colo. 2021) (Rodriguez, J.) (citing *Jackson*, 2012 WL 4355556, at *2) (finding that,

although failure to exhaust remedies by filing a charge with the EEOC as to federal claims

under Title VII does not deprive the court of jurisdiction, "the Tenth Circuit's interpretation

of federal statutes does not bind this Court with regard to state law claims" and that "[t]he

Colorado Supreme Court has held that, before an individual can assert a claim under

CADA, he or she must first exhaust administrative remedies for all claims brought

pursuant to the Act"); *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018)

("[T]he full court now holds that a plaintiff's failure to file an EEOC charge regarding a

discrete employment incident merely permits the employer to raise an affirmative defense

of failure to exhaust but does not bar a federal court from assuming jurisdiction over a

claim."). Because the allegations in the Second Amended Complaint do not reflect that Plaintiff exhausted administrative remedies under CADA, the Court must dismiss the CADA claims.

Plaintiff argues that the Court should consider his new allegations in his Response and its attached exhibits because, according to Plaintiff, when assessing jurisdiction under Rule 12(b)(1), the Court "may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." ECF No. 25 at 9 (quoting 2 Moore's Federal Practice – Civil § 12.30 (2021)). However, Defendant's Motion to Dismiss does not set forth any affidavits or other evidence regarding subject matter jurisdiction and instead challenges subject matter jurisdiction based on the allegations on the face of Plaintiff's Second Amended Complaint. *See* ECF No. 18 at 5–6 ("[H]e does not contend that he timely filed a charge with, or received a right to sue letter from, the CCRD."); ECF No. 29 at 2. As such, Defendant's Motion to Dismiss constitutes a facial attack, rather than a factual attack, and the Court cannot consider matters outside of the pleadings in such an instance. *See, e.g.*, *Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (quoting *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009)) ("[W]hen a defendant asserts that the . . . complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged."); *see also Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013) ("Where *the party challenging subject-matter jurisdiction* mounts a facial attack, 'the district court must accept the allegations in the complaint as true.' But if the *challenging party* brings a factual attack by 'go[ing] beyond

9

allegations contained in the complaint and challeng[ing] the facts upon which subject matter jurisdiction is based . . . [the] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.") (emphasis added).   The allegations within the four corners of the Complaint do not indicate that the Court has subject matter jurisdiction over the CADA claims, and the Court must dismiss them.

However, the Court's dismissal of the CADA claims for lack of subject matter jurisdiction should be without prejudice.  *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claim.").  If Plaintiff wishes to move to amend, the parties shall meaningfully confer pursuant to Local Rule 7.1(a) regarding the effect of any proposed amendment on the Court's jurisdiction over the re-alleged the CADA claims prior to any such motion.[2]  *See* D.C.COLO.LCivR 7.1(a).

---

[2] For example, Defendant argues that Plaintiff's allegation—stated in his Response to the Motion to Dismiss but not in the Second Amended Complaint—that he received a right-to-sue letter from the CCRD on November 20, 2020 is still insufficient to state a claim because Plaintiff failed to timely file this lawsuit within 90 days of his receipt of the CCRD letter.  ECF No. 29 at 6–7; ECF No. 25 at 8 ¶ 27; ECF No. 25-1 (Pl. Ex. 5) at 25–33; *see also* Colo. Rev. Stat. § 24-34-306(11)(b) ("The complainant must file a civil action within ninety days after the date upon which the jurisdiction of the commission ceased."); *see also id.* § 24-34-306(11)(a)(II) ("The jurisdiction of the commission over the complaint ceases if . . . . [t]he complainant has requested and received a notice of right to sue pursuant to subsection (15) of this section.").  Instead, Plaintiff filed this lawsuit on May 7, 2021, or 168 days after receiving his right-to-sue letter from the CCRD. *See* ECF No. 1.  Nonetheless, Plaintiff argues that his claims should be equitably tolled.  ECF No. 25 at 13–15.  The Court may not consider Plaintiff's allegations not stated in the Second Amended Complaint here and does not comment on the merits of the arguments noted here.  However, these are at least some issues about which the parties should meaningfully meet and confer prior to Plaintiff filing any motion to amend.

B.      **Whether Plaintiff Timely Exhausted His Administrative Remedies as to Counts I, III, and IV**

Next, Defendant argues that the Court should dismiss Plaintiff's Claim I (discrimination in violation of Title VII) and Claims III and IV (failure to accommodate and retaliation in violation of the ADA) for failure to timely exhaust administrative remedies. ECF No. 18 at 6–9.  "An employee wishing to challenge an employment practice under Title VII must first 'file' a 'charge' of discrimination with the EEOC."  *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1)).  "Such a charge must be filed within 'three hundred days after the alleged unlawful employment practice occurred.'"  *McDonald v. School Dist. No. 1 in the City & Cnty. of Denver & Colo.*, 83 F. Supp. 3d 1134, 1140–41 (D. Colo. 2015) (Brimmer, C.J.) (quoting 42 U.S.C. § 2000e-5(e)(1)).  "[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter."  *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004).  "Although a plaintiff may allege that numerous discriminatory or retaliatory acts occurred throughout his or her term of employment, 'only incidents that took place within the timely filing period are actionable.'"  *McDonald*, 83 F. Supp. 3d at 1141 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).  The same charging requirements apply to a challenge to an employment practice under the ADA.  *See* 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title").  As stated above, the Tenth Circuit has held that the failure to properly exhaust administrative remedies in the Title VII and ADA context does not preclude the Court from exercising jurisdiction over

11

the claims, but rather, can be raised as an affirmative defense.  *See Lincoln*, 900 F.3d at 1185.  Therefore, Defendant brings its Motion to Dismiss with regard to failure to exhaust remedies under Title VII and the ADA pursuant to Rule 12(b)(6) for failure to state a claim.  *See* ECF No. 18 at 6–9.

Here, Plaintiff alleges that he "timely" filed his Charge of Discrimination with the EEOC and "received a Notice of the Right to Sue letter from the EEOC on 04 May 2021." ECF No. 12-2 ¶ 9.  Defendant attaches the charge of discrimination as an exhibit to its Motion to Dismiss.  ECF No. 18-1.  "Although for the purposes of a motion to dismiss [under Rule 12(b)(6)], [courts] must take all of the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, "[c]ourts are permitted to review 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the document's authenticity.'" *Toone*, 716 F.3d at 521.  Here, as stated, Plaintiff's Charge of Discrimination is "mentioned" in the Second Amended Complaint.  ECF No. 12-2 ¶ 9.  "The Charge is also 'central' because exhaustion is a prerequisite to maintaining this suit and [the plaintiff] bears the burden of proof on this matter."  *See Reveles v. Catholic Health Initiatives*, No. 16-cv-2561-WJM-CBS, 2017 WL 2672112, at *2 (D. Colo. June 21, 2017).  Finally, neither party challenges the Charge attached to Defendant's Motion to Dismiss as inauthentic.  Therefore, the Court may consider it on this Rule 12(b)(6) motion.  *See, e.g., id.* (finding that "the Court may consider the Charge while remaining within the restraints of a proper Rule 12(b)(6) analysis").

Defendant points out that Plaintiff filed his Charge of Discrimination on December 28, 2020.  ECF No. 18 at 7–8 (citing ECF No. 18-1).  Therefore, according to Defendant,

"any discrete action in support [of] Plaintiff's Title VII [and ADA] claim[s] that occurred outside the 300-day window of March 3, 2020 through December 28, 2020, is time-barred." *Id.* Defendant argues that each of the alleged adverse actions regarding Claims I, III, and IV fall outside of this time period. *See id.* at 7–9. In response, Plaintiff argues that the incidents alleged in the Second Amended Complaint are not time-barred because Plaintiff actually filed an "initial charge of discrimination" with the EEOC "180 days after the discrete discriminatory act supporting his disability and retaliation claims." ECF No. 25 at 12. He argues that this charge of discrimination was subsequently amended, resulting in his December 2020 charge, and that his amendments should "relate back" to the date of the original charge because they "relate to or grow out of the subject matter of the original charge." *Id.* at 12–13 (quoting 29 C.F.R. § 1601.12(b)) (citing ECF No. 25-1 at 1, 17–22, 25–33).

However, the Court may not consider these arguments and exhibits cited in the context of this Rule 12(b)(6) motion. *See In re Qwest Commc'ns Int'l.*, 396 F. Supp. 2d at 1203; *see also Sudduth v. Citimortgage, Inc.*, 79 F. Supp. 3d 1193, 1198–99 nn. 2–3 (D. Colo. 2015) (Moore, J.) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)) ("Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants['] . . . motion to dismiss."). The Second Amended Complaint only refers to "*a* Charge of Discrimination" that resulted in a "Notice of Right to Sue letter from the EEOC on 04 May 2021." ECF No. 12-2 ¶ 9 (emphasis added). Therefore, the Second Amended Complaint does not "refer[] to" or "mention[]" the initial charge of discrimination to which Plaintiff argues his December 2020 charge should "relate back," such that the Court could

consider this initial charge on a 12(b)(6) motion to dismiss. *See Toone*, 716 F.3d at 521; *cf. Reveles*, 2017 WL 2672112, at *2 (finding that, where the charge of discrimination was "mentioned" in the complaint, the Court could consider it on a Rule 12(b)(6) motion to dismiss). Therefore, Plaintiff's claims, as pled, do not allow the Court to consider whether the December 2020 Charge of Discrimination relates back such that Plaintiff would not be time-barred from bringing the claims based on incidents pre-dating March 3, 2020.

Finally, Defendant does not dispute that an event occurring on March 3, 2020 would not be time-barred, *see* ECF No. 18 at 7–9, and Plaintiff's Complaint alleges that he was constructively discharged on March 3, 2020. ECF No. 12-2 ¶¶ 7, 59, 74, 77. However, Plaintiff does not argue in his Response that any of his claims should be preserved on the sole basis of the alleged constructive discharge on March 3, 2020, *see* ECF No. 25 at 12–13, so the Court will not address any such argument *sua sponte* here. For the reasons stated, the Court dismisses Claims I, III, and IV, for failure to exhaust administrative remedies. As with Plaintiff's CADA claims, if Plaintiff wishes to move to amend, the parties shall meaningfully confer pursuant to Local Rule 7.1(a) regarding the effect of any proposed amendment on Claims I, III, and IV, including the issue of whether Plaintiff exhausted administrative remedies. *See* D.C.COLO.LCivR 7.1(a).

### C. Dismissal Without Prejudice

Defendant requests that the Court dismiss all of Plaintiff's claims "with prejudice" and "without leave to amend." ECF No. 18 at 10; ECF No. 29 at 10. However, given the number of pleading deficiencies pointed out in Defendant's Motion to Dismiss for which Plaintiff responds with additional information that is not alleged in the Second Amended

Complaint, the Court (without commenting on the merits of a potential motion for leave to amend) will not preclude the Plaintiff from filing a motion for leave to amend.  As stated above, the Court ORDERS the parties to meaningfully meet and confer regarding any such motion and the effect of any proposed amendments.

## V.   CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Dismissal of Plaintiff's Second Amended Complaint, ECF No. 18. The Motion is GRANTED, in that Plaintiff's claims are DISMISSED; however, the Motion's request for dismissal with prejudice is DENIED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

If Plaintiff chooses to move to amend, Plaintiff shall file a motion to amend on or before Thursday, September 29, 2022.  As stated, the parties are ORDERED to meaningfully meet and confer regarding the effect of any proposed amendments, pursuant to D.C.COLO.LCivR 7.1(a), prior to the filing of any such motion to amend.

DATED:  August 29, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

15