**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:21-cv-01263-RMR-KLM

DAVID PEREZ,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER,

     Defendant.

---

## ORDER

---

Pending before the Court is Plaintiff's Opposed Motion for Leave to File Third Amended Complaint, ECF No. 42. For the reasons stated below, the motion is DENIED, and this case is DISMISSED WITH PREJUDICE.

### I.     BACKGROUND

The factual and procedural history of this case is fully laid out in this Court's Order, ECF No. 41, granting dismissal without prejudice of Plaintiff David Perez's Second Amended Complaint and Jury Demand. It is restated here only to the extent necessary to rule on Plaintiff's present motion to amend.

In its previous order, the Court dismissed Plaintiff's claims of disability discrimination and retaliation, in violation of Title VII, the Colorado Anti-Discrimination Act ("CADA"), and the Americans with Disabilities Act ("ADA"), as well as a claim of a violation of the ADA, arising out of the work assignments he received following a debilitating Line-

of-Duty injury that he sustained as a firefighter with the Denver Fire Department ("DFD") in March of 2019, as well as his eventual separation from DFD.  The Court found that Plaintiff failed to exhaust administrative remedies as to his CADA claims because he failed to allege that he received a notice of right to sue letter from the Colorado Civil Rights Division ("CCRD").  ECF No. 41 at 7–10.  Therefore, the Court dismissed the CADA claims without prejudice for lack of jurisdiction.  *Id.* at 7–10.

The Court also dismissed Plaintiff's Title VII and ADA claims without prejudice for failure to state a claim, due to Plaintiff's failure to exhaust administrative remedies by timely filing a charge of discrimination as to those claims.  *Id.* at 11–14; *see also id.* at 13–14 (citing *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013); *Reveles v. Catholic Health Initiatives*, No. 16-cv-2561-WJM-CBS, 2017 WL 2672112, at *2 (D. Colo. June 21, 2017)) (further finding that the Court could not consider whether the untimely charge of discrimination "related back" to a previous charge of discrimination because the Second Amended Complaint did not "refer[] to" or "mention[]" the previous charge of discrimination and so the Court could not consider it on a motion to dismiss pursuant to Rule 12(b)(6)).  The Court further held that, "if Plaintiff chooses to move to amend, Plaintiff shall file a motion to amend on or before Thursday, September 29, 2022." *Id.*

On the date ordered, Plaintiff filed the present Motion for Leave to File Third Amended Complaint.  ECF No. 42.  Plaintiff attached to the motion a proposed Third Amended Complaint and Jury Demand, showing redlined proposed amendments, pursuant to Local Rule of Practice 15.1(b).  ECF No. 42-1; D.C.COLO.LCivR 15.1(b).  The

proposed Third Amended Complaint removes the Title VII and CADA claims and indicates that Plaintiff would only maintain claims for discrimination and retaliation in violation of the ADA.  ECF No. 42-1 ¶¶ 112–39.  On October 20, 2022, Defendant the City and County of Denver filed Defendant's Response to Plaintiff's Opposed Motion for Leave to File Third Amended Complaint.  ECF No. 43.  On November 8, 2022—five days after the deadline for replies—Plaintiff filed Plaintiff's Reply to Defendant's Response to Plaintiff's Opposed Motion for Leave to File Third Amended Complaint.   ECF No. 44; *see also* D.C.COLO.LCivR 7.1(d) ("The moving party may file a reply no later than 14 days after the date of service of the response, or such lesser or greater time as the court may allow.").  On November 17, 2022, Defendant filed Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Opposed Motion for Leave to File Third Amended Complaint [ECF #44], ECF No. 45, arguing that the Reply should be stricken as untimely; that Plaintiff failed to confer with Defendant or seek leave from the Court for an extension; and that Plaintiff failed to show good cause or excusable neglect for the delay.  Plaintiff filed a Response in opposition to the motion to strike on December 9, 2022, ECF No. 46, and Defendant filed a Reply on December 21, 2022, ECF No. 47.

## II.    JURISDICTION AND APPLICABLE LAW

As stated above, Plaintiff's proposed Third Amended Complaint would bring claims for discrimination and retaliation in violation of the ADA.  ECF No. 42-1 ¶¶ 112–39.  As noted in the Court's previous Order, ECF No. 41 at 5–6, the Court may exercise federal question jurisdiction over claims alleging violations of the ADA.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."); *see also id.* § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.").

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or," if a responsive pleading is required, "21 days after service of a responsive pleading" or certain motions. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff seeks to file a Second Amended Complaint well past 21 days after service of Defendant's Motion to Dismiss the First Amended Complaint, ECF No. 33, and Plaintiff's motion indicates that Defendant opposes the request to amend, ECF No. 38 at 1. Therefore, Plaintiff may only amend with the Court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2).

Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it is within the discretion of the Court to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017) (quoting *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015)). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). On a motion for summary judgment, "the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). If the movant carries "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," then "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* at 670–71.

## IV.   ANALYSIS

### A.   Motion to Amend

#### 1.   Plaintiff's Arguments

Plaintiff's motion to amend argues simply that "[j]ustice requires that Plaintiff be allowed to amend his Complaint" and that "[t]he Third Amended Complaint remedies the defects in the Second Amended Complaint by pleading factual matter 'that allows the Court to draw the reasonable inference' that Plaintiff timely filed his lawsuit and exhausted his administrative remedies prior to filing this lawsuit." ECF No. 42 ¶¶ 8–9 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Arguably, the Court need not consider such conclusory and perfunctory arguments, which are generally deemed waived.  *See, e.g.*, *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived.  This briefing-waiver rule applies equally to arguments that are inadequately presented in an opening brief, such as those presented only in a perfunctory manner.") (internal quotations, citations, and alterations omitted); *In re Home Advisor, Inc. Litig.*, 491 F. Supp. 3d 879, 898 (D. Colo. 2020) (Brimmer, C.J.) (quoting *Schlecht v. Lockheed Martin Corp.*, No. 11-cv-03072-RM-BNB, 2014 WL 6778709, at *2 (D. Colo. Nov. 25, 2014) (Moore, J.)) ("Undeveloped arguments raised in a perfunctory manner are waived.").

Furthermore, Plaintiff raises arguments for the first time in his untimely reply brief regarding whether any amended charges of discrimination "relate back" to previous charges of discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC") or the Colorado Civil Rights Division ("CCRD"), such that his operative charge of discrimination should be considered timely.  *See* ECF No. 44 at 4–7. Although Defendant's motion to strike Plaintiff's reply in support of the motion to amend is pending, even if the Court were to consider Plaintiff's untimely reply, "[r]aising [an] issue for the first time in a reply brief does not suffice," and those arguments are deemed waived.  *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 971 (D. Colo. 2007) (Daniel, J.); *see also Sawyers*, 962 F.3d at 1286; *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").

6

The Tenth Circuit has articulated two reasons for the general rule that arguments raised for the first time in a reply are waived in the context of appellate practice: "First, to allow an appellant to raise an argument for the first time in a reply brief would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response." *See United States v. Leffler*, 942 F.3d 1192, 1197 (10th Cir. 2019) (internal quotations and citations omitted). "Second, the rule also protects us from issuing an improvident or ill-advised opinion because we did not have the benefit of the adversarial process." *Id.* The Court finds these rationales to be no less applicable here. First, because Plaintiff did not raise his arguments regarding whether any amended charges of discrimination "relate back" to previous charges of discrimination in his original motion to amend, Defendant did not have an opportunity to respond to any such argument in its Response. *See id.* Second, because the Defendant lacked an opportunity to respond, the Court does not have the benefit of the adversarial process in addressing this argument. *See id.* Therefore, even if the Court were to deny Defendant's motion to strike Plaintiff's reply as untimely and were to consider that reply, it would find that the arguments regarding whether Plaintiff's December 2020 charge should "relate back" to his previous charges were waived because they were not raised in the initial motion.

### 2.   Defendant's Arguments

Defendant argues in its Response that the proposed Third Amended Complaint does not cure Plaintiff's failure to exhaust his administrative remedies. ECF No. 43 at 2–5. According to Defendant, "Plaintiff filed his charge of disability discrimination and retaliation with the EEOC on December 28, 2020," and his constructive discharge accrued

7

"when [he] g[a]ve[] notice of his resignation" on February 27, 2020, when he emailed his chain of command with "notice of his intent to take disability retirement" and his intent to "end[] his DFD employment on March 2, 2020." *Id.* at 4 (citing *Green v. Brennan*, 578 U.S. 547, 564 (2016)).  Hence, Defendant argues that Plaintiff's December 2020 charge of discrimination was not timely because it was filed more than 300 days after his constructive discharge accrued on February 27, 2020.  *See id.*; *see also McDonald v. School Dist. No. 1*, 83 F. Supp. 3d 1134, 1140–41 (D. Colo. 2015) (Brimmer, C.J.) (quoting 42 U.S.C. § 2000e-5(e)(1)) (noting that a charge of discrimination required under Title VII "must be filed within 'three hundred days after the alleged unlawful employment practice occurred"); 42 U.S.C. § 12117(a) (applying the same "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title" to ADA actions).  Further, Defendant states that "all other unlawful acts alleged to have occurred during [Plaintiff's] employment also took place before the 300-day window because Plaintiff claims they occurred before his constructive termination."  ECF No. 43 at 5.  Given that the Court finds that (even if it were to deny Defendant's pending motion to strike Plaintiff's untimely reply), Plaintiff has waived any arguments regarding the relation back of the December 28, 2020 charge of discrimination to previous charges of discrimination, *see supra* Section IV.A.1., the Court only considers whether that charge from December of 2020 was properly filed within the required 300-day time frame for purposes of this analysis.

Defendant's argument relies on materials outside of the proposed Third Amended Complaint.  Namely, Defendant cites the following exhibits to show the date of Plaintiff's

constructive discharge: (1) Plaintiff's February 27, 2020 email to his chain of command with notice of his intent to take disability retirement and his intent to end his DFD employment on March 2, 2020 (Defendant's Exhibit F, ECF No. 43-6) and (2) Plaintiff's February 28, 2020 email to the Department of Safety's HR Business Partner and Safety HR Manager, providing them with his notice of separation from the City and seeking clarification on separation benefits (Defendant's Exhibit G, ECF No. 43-7).   Although Defendant does not say so explicitly, it presumably argues, by citing to these materials from outside the four corners of Plaintiff's proposed Third Amended Complaint, that the pleading "would not survive a motion for summary judgment."  *See Bauchman*, 132 F.3d at 562.  The Court agrees.

The Supreme Court has held that a constructive discharge claim arising under Title VII "accrues—and the limitations period begins to run—when the employee gives notice of his resignation, not on the effective date of that resignation."  *Green*, 578 U.S. at 564. The same applies to a claim for constructive discharge arising under the ADA.  *See, e.g.*, *Rivero v. Board of Regents of Univ. of N.M.*, 950 F.3d 754, 760–61 (10th Cir. 2020) (applying the same elements for a Title VII constructive discharge claim set forth in *Green* to a constructive discharge claim under the Rehabilitation Act and noting that "cases decided under section 504 of the Rehabilitation Act are . . . applicable to cases brought under the ADA and vice versa, except to the extent the ADA expressly states otherwise") (internal quotations, alterations, and citations omitted); *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006) (applying the same standards to the accrual of a cause of action under Title VII, the ADEA, and the ADA); *see also* 42 U.S.C.

9

§ 12117(a) (applying the same "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title" to ADA actions). Defendant has provided two emails showing that Plaintiff "g[a]ve[] notice of his resignation" on February 27 and 28, 2020—305 and 304 days prior to December 28, 2020, when he filed his charge of discrimination. *See* ECF Nos. 43-6, 43-7; *Green*, 578 U.S. at 564.

Hence, Plaintiff's December 28, 2020 charge appears to be untimely as to his constructive discharge claim and as to any claim involving acts pre-dating the constructive discharge. *See McDonald*, 83 F. Supp. 3d at 1141 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)) ("Although a plaintiff may allege that numerous discriminatory or retaliatory acts occurred throughout his or her term of employment, 'only incidents that took place within the timely filing period are actionable.'"); 42 U.S.C. § 12117(a). Plaintiff has provided no materials, exhibits, facts, or arguments to the contrary. Moreover, although Defendant's motion to strike as untimely Plaintiff's reply in support of the motion to amend is pending, even if the Court were to deny the motion to strike and consider Plaintiff's untimely reply, the Court would find that the reply appears to admit that Plaintiff's "constructive termination date" is "27 February 2020," and not any time in March of 2020. *See* ECF No. 44 at 8.

Thus, Defendant has shown that on a motion for summary judgment, it would be able to carry "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," and Plaintiff has not carried the subsequent burden to "go beyond the pleadings and 'set forth

specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *See Adler*, 144 F.3d at 670; *Bauchman*, 132 F.3d at 562.   Therefore, the Court agrees with Defendant that Plaintiff's proposed Third Amended Complaint would be futile because it "would not survive a motion for summary judgment."  *See Bauchman*, 132 F.3d at 562.

Defendant also argues that an additional reason to deny the motion to amend is that "Plaintiff knew or should have known the facts upon which the proposed amendment is based but failed to include them in any of the previous complaints."  ECF No. 43 at 5 (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).  Indeed, the Tenth Circuit has held that "[w]here the party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey*, 934 F.2d at 1462 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).   Plaintiff and his counsel "kn[e]w[] or should have known" the facts alleged in the Third Amended Complaint at the time of Plaintiff's *pro se* filing of the original Complaint, ECF No. 1, and First Amended Complaint, ECF No. 4, as well as at the time of Plaintiff's counsel's filing of the Second Amended Complaint, ECF No. 12-2.  The Court finds that this, in combination with the paucity of timely and un-waived argument in support of Plaintiff's motion to amend, is an additional reason that the present motion to amend should be denied.

11

**B.      Dismissal With Prejudice**

"[T]he district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). "Where a complaint fails to state a claim, and no amendment could cure the defect, a dismissal *sua sponte* may be appropriate." *Id.* "If such dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice." *Id.*

Here, the Court dismissed the Second Amended Complaint without prejudice, allowing Plaintiff to seek leave to amend the Complaint again to add allegations to sufficiently state his claims. However, because the Plaintiff, after given an additional opportunity to plead his claims, has failed to propose an amendment that would not be futile, the Court finds that dismissal with prejudice is appropriate.

## V.      CONCLUSION

For the reasons stated above, Plaintiff's Opposed Motion for Leave to File Third Amended Complaint, ECF No. 42, is DENIED, and this action is DISMISSED WITH PREJUDICE.


DATED:  February 7, 2023


BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge


12